IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ANTONIO JOHNSON,           )
                           )
        Petitioner,         )
                           )
    v.                      )      CV 112-056
                           )
DAVID FRAZIER, Warden, and SAMUEL )
S. OLENS, Attorney General of the State of )
Georgia,                    )
                           )
        Respondents.        )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

According to Petitioner, in April of 1996, he was convicted of felony murder and possession of a firearm during the commission of a crime in the Superior Court of Richmond County. (Doc. no. 1, pp. 3-4.) Petitioner was sentenced to life imprisonment on the murder count and to a consecutive five-year term of imprisonment on the firearm count. (Id. at 4.) Petitioner filed a direct appeal, and on October 28, 2002, the Georgia Supreme Court affirmed Petitioner's convictions. Johnson v. State, 571 S.E.2d 782, 786 (Ga. 2002). Petitioner filed a state habeas petition in the Superior Court of Telfair County in 2008,[2] which was denied in January of 2011. (See doc. no. 1, pp. 4-5.) Petitioner unsuccessfully attempted to appeal the denial of his state habeas petition in the Georgia Supreme Court. (Id. at 5.)

In the instant petition – which is dated March 15, 2012, and was filed by the Clerk of Court on April 14, 2012 – Petitioner claims that the trial court's jury instructions violated his due process rights and that he received ineffective assistance of trial and appellate counsel. (See doc. no. 1, p. 7.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

---

[2]The instant petition fails to specify the exact date the state habeas petition was filed. However, Petitioner reports having filed an application for a certificate of probable cause to appeal the denial of his state habeas petition with the Georgia Supreme Court, whose online docketing system shows the chronology of the state habeas petition. Therefore, the Court takes judicial notice of the fact that Petitioner filed his state habeas petition in the Superior Court of Telfair County in 2008. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (discussing judicial notice of filings in other courts).

2

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Supreme Court affirmed Petitioner's convictions on October 28, 2002. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, his conviction

became "final" when the ninety day time period for filing a petition for a writ of certiorari expired. See Gonzalez v. Thaler, 565 U.S. ___, 132 S. Ct. 641, 653-54 (2012). In the instant case, the AEDPA statute of limitations began to run ninety days following the date the Georgia Supreme Court affirmed Petitioner's convictions in October of 2002. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's convictions became final in January of 2003.

### B. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from January of 2003 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited approximately five years after his convictions became final before filing his state habeas petition in 2008. Therefore, by the time Petitioner filed his state habeas petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due

4

diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As noted previously, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### C. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner has not shown that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal

5

petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)); see also Rozzelle v. Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE