IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO JOHNSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 112-056 |
| DAVID FRAZIER, Warden, and SAMUEL S. OLENS, Attorney General of the State of Georgia, | ) ) ) ) ) | |
| Respondents. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 7).[1] Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found the petition to be untimely because it was filed after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. no. 3.) In particular, the Magistrate Judge found that, because over five years elapsed between Petitioner's convictions becoming final in October of 2002 and the filing of his state habeas corpus petition in 2008, the one-year limitations period provided

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 5, 6.)

for in § 2244(d)(1) expired prior to the filing of his state habeas petition and well before he filed the instant action in March of 2012.[2] (Id. at 3-5.)

In his objections, Petitioner contends, for the first time, that the limitation period for his § 2254 petition should be equitably tolled because of his appellate counsel's negligence. In particular, Plaintiff alleges that he "repeatedly contacted" his appellate counsel to ascertain the status of his direct appeal in the Georgia Supreme Court. However, according to Petitioner, his counsel did not communicate with him in a timely manner, and he did not learn that his direct appeal had been resolved until "several years after the fact," following a grievance against his appellate counsel with the State Bar of Georgia. Petitioner does not allege that he took any additional steps to ascertain the status of his appeal, such as contacting the Georgia Supreme Court himself. Petitioner further alleges that, upon learning that his convictions had been affirmed on direct appeal, he acted diligently in filing his state habeas petition in 2008. (Doc. no. 7, pp. 1-3.)

As noted by the Magistrate Judge (see doc. no. 3, p. 5), equitable tolling can be applied to prevent the application of the statutory deadline for a § 2254 petition, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v.

---

[2]As noted in the R&R, pursuant to § 2244(d)(2), the statute of limitations does not run during the pendency of a properly filed application for state post-conviction relief. However, when the statute of limitations expires prior to the filing of the state application for post-conviction relief, as is the case here, the filing of the state action does not save the § 2254 petition from being time barred. (See doc. no. 3, p. 4 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).)

2

Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

When a petitioner asserts that he was prevented from filing his federal petition in a timely manner because he was ignorant of the event that triggered the limitations period, the "petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." San Martin, 633 F.3d at 1269-70 (finding that petitioner was not entitled to equitable tolling, in part because he had "not shown (or even averred) that he made any attempt to contact the [court in which his case was pending] to learn about the resolution of his case"); see also Drew v. Dep't of Corr., 297 F.3d 1278, 1288-89 (11th Cir. 2002) (holding that petitioner was not entitled to equitable tolling where he claimed ignorance of a state court ruling and claimed to have contacted state court by mail but provided no copies of letters and did not otherwise attempt to contact the court), *abrogated on other grounds by* Pace, 544 U.S. at 414-15; Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (holding that petitioner was entitled to equitable tolling because the state court clerk "had assured him that he would be notified as soon as a decision was made" but "inadvertently sent notice of the decision to the wrong person").

Here, Petitioner has failed to carry his burden of showing that he is entitled to equitable tolling. Unlike the petitioner in Knight, Petitioner has not alleged that any court

3

official guaranteed that he would be notified when his appeal had been decided. Cf. 292 F.3d at 711. Moreover, as in San Martin, Petitioner has "not shown (or even averred) that he made any attempt to contact [the Georgia Supreme Court] to learn about the resolution of his case," even after his counsel purportedly failed to communicate with him in a timely fashion regarding the status of his case. See 633 F.3d at 1269-70. Furthermore, assuming for the sake of argument that his appellate counsel's failure to communicate with him about his appeal suffices to show the requisite "exceptional circumstances," Petitioner has failed to show the diligent pursuit of his rights required for equitable tolling. Whereas Petitioner shoulders the burden of providing specific facts that demonstrate such diligence, see id. at 1268, he relies upon the vague statement that he learned that his appeal had concluded in 2002 "several years after the fact," followed by the conclusory assertion that he then "diligently researched his case" and filed his state habeas petition in 2008. (Doc. no. 7, p. 2.) These imprecise, conclusory allegations, which Petitioner raises for the first time upon receiving an unfavorable analysis in the R&R, are insufficient to satisfy his burden of showing that he acted diligently in filing his state habeas petition over five years after the conclusion of his direct appeal.

For these reasons, Petitioner has failed show that equitable tolling is appropriate in this case. Petitioner's remaining objections are likewise without merit and provide no basis for departing from the Magistrate Judge's recommendation. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is deemed **MOOT**, and the instant § 2254 petition is **DISMISSED**.

Furthermore, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 7th day of August, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

5